## Commonwealth ex rel. v. Thomas

*Nogi, O'Malley & Harris*, for plaintiff.

*David B. Miller*, for defendant.

EAGEN, J., February 6, 1946.—This is an action instituted to compel the defendant to contribute toward the support of his wife and four children; the children presently range in age from 7 to 14 years.

The record discloses that on July 1, 1942, after hearing, this court directed defendant to pay the sum of $60 each month for this purpose. This was considered a reasonable sum in view of the earnings of defendant at that time although it was obviously inadequate to completely take care of the needs of his family.

On September 17, 1943, the court was informed that defendant was to be inducted into the armed forces of the United States within a few days and without serious objection from defendant the above-mentioned court order was amended to provide for the payment of $92 each month. This was done because under the Servicemen's Dependents Allowance Act of June 23, 1942, 56 Stat. at L. 381, Congress providing the maintenance allowance for families of men in the armed forces, it was stipulated that a family of a wife and four dependent children were entitled to receive $92 each month. Of this sum the Government paid the sum of $64 and the difference of $28 was deducted from the wages of the soldier. Despite this provision, if a court order directing payment of support were already in effect, the family involved dependent upon the soldier would not receive the full allowance, if the order provided for the payment of a smaller amount. In other words, at that time, under prevailing regulations, the family could not receive any more than the court order stipulated and of course after the soldier's induction and during his service the court had no jurisdiction and was powerless to change the order.

In such cases it was, therefore, the practice of the court immediately before the soldier's induction to amend its order and provide for an amount that would conform to the allotment in the case. This was clearly the fair thing to do since support orders are based upon defendant's earnings at the time and if his ability to contribute increases so should his help to his dependents. Particularly is this so in a case such as this, where the original amount directed to be paid would barely provide the necessities of life.

The subsequent happenings in this case gave rise to the issue now before us. In November 1943 the family allowance allotment for a wife and four children was increased to $140 a month, and the regulation preventing the payment of a greater sum than that provided for in an existing court order was disregarded. Therefore, defendant's wife and children received $140 from the Government each month from November 1943 to the date of defendant's discharge from the service in October 1945. Since the court order of July 1, 1942, as later amended, could not be changed, the sum of $48 in excess thereof was received each month or a total sum of $921 over the period. However, there was no increase in defendant's personal contribution since the Government assumed the responsibility thereof. Under this increased allowance the soldier still continued to contribute $28 each month, the balance coming from Government funds.

Upon his discharge from the service defendant resumed his position in private industry. He refused, however, to contribute in any way to the support of his family. He maintains that he is entitled to credit for the amount overpaid and should not be obliged to resume payments under the support order until the amount is liquidated.

This court is unanimous and definite in its conclusion that his position is untenable and unfair. The amount received by his wife and children in the increased allowance allotment was undoubtedly in view of all the circumstances necessary for their support. It is unlikely that any portion thereof could be set aside for future emergencies. The Government representatives considered such a sum necessary for a family of this size and the larger portion thereof came from the taxpayer. As it is the wife and family concerned have been without help for over two months. We cannot allow them to become destitute, nor do we feel that their condition should progress to the point where public assistance would be

necessary and thus shift defendant's obligation to other shoulders.

Therefore, February 6, 1946, it is ordered that defendant appear before the court on Wednesday, February 13, 1946, at 9:30 a.m., in order that all of the facts may be determined and an order made in accordance with defendant's present ability to support his family.